UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

RUSSELL CONRAD GEISSLER,

    Plaintiff,

    v.                                   CAUSE NO. 3:25-CV-447-JD-JEM

ENGLISH, et al.,

    Defendants.

## OPINION AND ORDER

Russell Conrad Geissler, a prisoner without a lawyer, filed a complaint under 42 U.S.C. § 1983. (ECF 1.) Under 28 U.S.C. § 1915A, the court must screen the complaint and dismiss it if it is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must state a claim that is "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has facial plausibility when the plaintiff pleads factual content allowing "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Geissler is proceeding without counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Geissler is incarcerated at Miami Correctional Facility. He asserts in conclusory terms that his Eighth Amendment rights "concerning clothing" were violated. He does not clearly explain what happened, but alleges that he was in contact with his counselor "via request to staff forms and property request (clothing request forms) . . . yet [he or

she] refused to (A) reply or (B) issue clothing." (ECF 1 at 2) (errors in original). He seeks "nominal" damages in the amount of $2,300, punitive damages, and other relief from Warden Brian English, an unnamed "Grievance Coordinator," and an unnamed "Institution Property Sergeant."

It appears Geissler is trying to assert a violation of his Eighth Amendment rights. In evaluating an Eighth Amendment claim, the court must conduct both an objective and a subjective inquiry. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective prong asks whether the alleged deprivation is "sufficiently serious" that the action or inaction of a prison employee leads to "the denial of the minimal civilized measure of life's necessities." *Id.* (citations omitted). On the subjective prong, the prisoner must allege that the defendant acted with deliberate indifference to his health or safety. *Id.*; *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). This is a high standard. "[N]egligence, gross negligence, or even recklessness as the term is used in tort cases is not enough" to allege an Eighth Amendment violation. *Hildreth v. Butler*, 960 F.3d 420, 425–26 (7th Cir. 2020). Instead, the inmate must allege "a culpability standard akin to criminal recklessness." *Thomas v. Blackard*, 2 F.4th 716, 722 (7th Cir. 2021).

Geissler does not provide enough detail about the problem with his clothing for the court to plausibly infer that he was denied the minimal civilized measure of life's necessities. For example, it is unclear from his allegations if his clothing was dirty, inadequate for the weather, or if he simply did not like it for some reason. Merely "putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened . . . that *might* be redressed by the law" is not

2

enough to state a claim under federal pleading standards. *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010). He also does not describe any conduct by the three defendants approaching criminal recklessness. *Thomas*, 2 F.4th at 722. It appears instead he is trying to hold them liable because of their positions, which is not a proper basis for imposing liability under 42 U.S.C. § 1983. *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009).

Therefore, the complaint does not state a claim upon which relief can be granted. In the interest of justice, the court will permit him an opportunity to file an amended complaint that contains additional details about what happened with his clothing, and the role each defendant played in connection with his clothing.[1] *See Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018); *Luevano v. Wal-Mart*, 722 F.3d 1014, 1024 (7th Cir. 2013). If he does not file an amended complaint, his case will be dismissed pursuant to 28 U.S.C. § 1915A, because the current complaint does not state a plausible constitutional claim against any defendant.

For these reasons, the court:

(1) GRANTS the plaintiff until **June 30, 2025**, to file an amended complaint; and

---

[1] The court notes that Geissler has not provided the names of two of the defendants. It is permissible to sue a "placeholder defendant" in federal court, but as a practical matter an unnamed defendant cannot be served with process. *See Rodriguez v. McCloughen*, 49 F.4th 1120, 1121 (7th Cir. 2022). Geissler is cautioned that these individuals have to be identified and served within the two-year statute of limitations period and the deadline specified in Federal Rule of Civil Procedure 4(m). *Id.* If he names these individuals as defendants in the amended complaint, he must not only explain what they did that violated his rights, he must also provide details—such as a physical description and/or the exact date, time, and location where he interacted with them in the prison—so that they can be properly identified.

(2) CAUTIONS him that if he does not respond by the deadline, this case is subject to dismissal under 28 U.S.C. § 1915A because the current complaint does not state a claim upon which relief can be granted.

SO ORDERED on May 27, 2025

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT